UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SILVERIO A. BARRIOS,**<br><br>          **Plaintiff**<br><br>          v.<br><br>**COUNTY OF TULARE,**<br><br>          **Defendant** | CASE NO. 1:13-CV-1665 AWI GSA<br><br>ORDER ON MOTION TO DISMISS AND MOTION FOR SANCTIONS<br><br>(Doc. Nos. 13, 16) |

This case stems from a search of property and the subsequent destruction of marijuana plants. Plaintiff Silverio Barrios ("Barrios") alleges that Defendant County of Tulare ("the County") violated the Fourth and Fourteenth Amendments by executing an inspection and abatement warrant and destroying his marijuana plants. The County moves to dismiss the Complaint under Rule 12(b)(6), and seeks sanctions under Rule 11. For the reasons that follow, the County's Rule 12(b)(6) motion will be granted, and the Rule 11 motion will be denied.

**BACKGROUND**

From the Complaint, in December 2009, the County adopted Ordinance 3396, which relates to restrictions and limitations on the use of marijuana under the California Uniform Controlled Substances Act ("CUCSA"). For purposes of the CUCSA, Barrios was a qualified patient who was exempt from various California penal provisions within the California Health & Safety Code. At all relevant times, Barrios has not operated as a medical marijuana cooperative, collective, dispensary, operator establishment, or provider.

In March 2013, Barrios was a lawful occupant of land located in Exeter, California ("the Exeter Property"). Barrios was engaged in the cultivation of marijuana for his personal use. Barrios cultivated the marijuana in accordance with the recommendation of his physician in order

to alleviate a serious medical condition.

On March 26, 2013, the County issued a 10-Day Notice to Barrios and his landlord. The 10-Day Notice alleged violations of three provisions of the County Ordinance Code – one violation regarding fence height and two violations regarding the cultivation of marijuana. The 10-Day Notice declared Barrios's use of the Exeter Property to be a nuisance, and demanded that Barrios abate the nuisance forthwith.

On April 23, 2013, the County ordered its officers to enter the Exeter Property for the purpose of inspecting and abating the nuisance, i.e. to abate the marijuana being grown by Barrios.

On April 26, 2013, the County entered the Exeter Property and conducted a search. The County seized and destroyed marijuana that was possessed, and being cultivated, by Barrios. The marijuana that was seized and destroyed was in a reasonable amount, considering the recommendations of Barrios's physician and surgeon. Barrios did not give permission for the County to enter the Exeter Property or search and seize Barrios's house and effects. Further, the County did not have probable cause to enter the Exeter Property or to search and seize Barrios's home and effects. The search by the County was unreasonable in that it was not conducted pursuant to a valid warrant. Probable cause did not support the warrant, and the warrant authorized the taking and destruction of Barrios's property without notice or an opportunity to be heard. Because the warrant was not supported be probable cause and deprived Barrios of his property without due process, the warrant was void *ab initio* and could not justify the County's entry onto the Exeter Property. Thus, the search and seizure of Barrios's house and effects was unreasonable per se. As a result of the search, the County destroyed $25,000 worth of personal property, and caused over $2,000 of damage to the Exeter Property.

**I.     RULE 12(b)(6) MOTION**

*Rule 12(b)(6) Framework*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1122. However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by

reference in the complaint, and matters of judicial notice. Dichter-Mad, 709 F.3d at 762. If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

*Defendant's Arguments*

The County argues that no valid claims are stated. The Complaint's allegation that the abatement warrant was issued without probable cause is nothing more than a legal conclusion that is unsupported by any facts. Moreover, the warrant was supported by probable cause. Pursuant to the County Zoning Ordinance, medical marijuana collectives could be located in one of four different zones. The Exeter Property is not within one of those four zones. During an inspection of the Exeter Property on March 19, 2013, outdoor marijuana plants and two medical marijuana recommendation cards were discovered. As such, the Exeter Property was considered a medical marijuana collective under the County Ordinance Code because there was an indication that the marijuana was being cultivated by two or more individuals. This information creates probable cause that the County Ordinance Code was being violated. Further, although Barrios alleges that he was not operating a marijuana collective, County Ordinance § 5-11-1000 provides general requirements for the growing and cultivation of marijuana, including that medical marijuana must be grown within a secured, locked, and fully enclosed structure, including a ceiling, roof, or top. The 10-Day Notice indicated that about 150 marijuana plants were being grown in an unenclosed facility. This information also shows a violation of the County Ordinance Code. The Complaint does not address this information or explain how the warrant was issued without probable cause. Because the declaration that supported the issuance of the abatement warrant described these facts,[1] there was probable cause that the Exeter Property was in violation of the County Ordinance

---

[1] The County requests that the Court take judicial notice of several documents, including portions of the County Ordinance Code and documents related to the County's application in the Tulare County Superior Court for an abatement warrant. See Doc. No. 14 ("RJN"). Barrios has filed no objection to the request for judicial notice. A court may take judicial notice of court records and public records. See Fed. R. Evid. 201; Botelho v. U.S. Bank, N.A., 692 F.Supp.2d 1174, 1178 (N.D. Cal. 2010). In the absence of any objections, the Court grants the RJN.

4

Code and thus, was a public nuisance. Dismissal without leave to amend is appropriate.

In reply, the County argues that Barrios's assertion that he was not cultivating marijuana as a collective is conclusory and contrary to the County's definition of a medical marijuana collective. Moreover, whether the Exeter Property was a medical marijuana collective does not address the violation of the Ordinance Code that prohibits the outdoor growing of all medical marijuana. Section 5-11-1020 of the Ordinance Code declares that any cultivation of marijuana that is not in accordance with its provisions is a nuisance that may be abated. Additionally, the abatement warrant was valid. Barrios received the 10-Day Notice, but did not request an appeal, which made finalized the determination that the Exeter Property was a nuisance. Barrios was afforded an opportunity to be heard when he was served with the 10-Day Notice. The fact that Barrios did not take advantage of that opportunity does not mean that he was not afforded due process before the nuisance was abated.

*Plaintiff's Opposition*

Barrios argues that dismissal is not appropriate. The allegations in the Complaint are sufficient to provide the County notice that it is being accused of violating Barrios's property rights by searching premises under his control without probable cause and under a facially defective warrant that was void because it granted the County the right to take and destroy property without giving Barrios notice or the right to be heard. Barrios also argues that the Complaint gives the County fair notice that it is being challenged as to its right to seek an abatement warrant in the first place because the Complaint alleges that the County could not lawfully regulate or control the private cultivation and possession of medical marijuana without contravening provisions of the California General Law. Barrios argues that his allegation that he was not engaged in a medical marijuana collective creates a dispute that cannot be resolved in this motion. If he was not so engaged, then the County Ordinance relating to medical marijuana collectives or cooperatives does not apply to him and cannot form the basis of the warrant that issued. Barrios also argues that, even if the search under the warrant was lawful, the violation could have been abated by uprooting the marijuana plants without destroying them. The destruction of the marijuana, which was possessed in furtherance of a physician's

5

recommendation, is contrary to the California General Law.  The gravamen of this Complaint is that Barrios has been deprived of his personal property without due process of law.  The ex parte nature of the warrant violates the Fourteenth Amendment right to due process.

*Discussion*

As the Court reads the Complaint, there are only two causes of action alleged, both under 42 U.S.C. § 1983.[2]  One is for violation of the Fourth Amendment based on a defective warrant, and the other one is for a violation of the Fourteenth Amendment due process clause based on the destruction of marijuana without an opportunity to be heard.  The Court will discuss these causes of action separately.

    1.    Fourteenth Amendment - Due Process

 "The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of 'property' within the meaning of the Due Process Clause."  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978). "Property interests derive not from the Constitution but from existing rules or understandings that stem from an independent source such as state law . . . ."  Samson v. City of Bainbridge Island, 683 F.3d 1051, 1057 (9th Cir. 2012); see Memphis Light, 436 U.S. at 9; Lawson v. Umatilla County, 139 F.3d 690, 692 (9th Cir. Or. 1998).  However, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  Memphis Light, 436 U.S. at 9; Samson, 683 F.3d at 1057; Lawson, 139 F3d at 692.  That is, even though "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest."  Brady v. Gebbie, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988).  If a person possess a protected property interest, then "some form of hearing is required before an individual is finally deprived of [that] property interest," because "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976); United States v. Clifford Matley Family Trust, 354 F.3d 1154, 1161 (9th Cir. 2004).

---

[2] To the extent that Barrios's opposition suggests that there are additional causes of action alleged, the Complaint does not give fair notice of any other cause of action for purposes of Federal Rule of Civil Procedure 8.

6

Here, the parties' arguments focus on the issue of whether there was an opportunity to be heard before Barrios's property was seized and destroyed by the County. However, there is a more fundamental problem that the parties have not addressed. The Complaint identifies marijuana as the property destroyed by the County. See Complaint ¶ 10. Two cases in the Eastern District of California have dismissed federal due process claims where the property interest at issue was possession of marijuana. See Staffin v. County of Shasta, 2013 U.S. Dist. LEXIS 64625, 12-14 (E.D. Cal. May 6, 2013); Schmidt v. County of Nev., 2011 U.S. Dist. LEXIS 78111 (E.D. Cal. July 19, 2011). In both cases, no protected property interest was found for purposes of the Fourteenth Amendment. See id. In *Schmidt*, the court explained:

> The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v. Jeffers, 342 U.S. 48, 53 (1951); see also Cooper v. City of Greenwood, Mississippi, 904 F.2d 302, 305 (5th Cir. 1990) . . . . "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, there is no legal purpose to which the object could be put." United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). Under the federal Controlled Substances Act ("CSA"), it is illegal for any private person to possess marijuana. 21 U.S.C. §§ 812(c), 841(a)(1), 844(a). Thus, under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it. See Gonzales v. Raich, 545 U.S. 1, 27 (2005) ("The CSA designates marijuana as contraband for any purpose.").
>
> "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Id. at 29. While California's Compassionate Use Act provides narrow exceptions for marijuana use involving qualified patients and care givers, federal law dictates that marijuana is illegal for any purpose. Id. at 27 . . . .
>
> In this case, plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana. Plaintiff asserts a due process claim under the federal Constitution in federal court, where, under federal law, marijuana is undisputably illegal and contraband per se.

Schmidt, 2011 U.S. Dist. LEXIS 78111 at *15-*17;[3] see also Marble v. Strecker, 2014 U.S. Dist. LEXIS 50770, *22 (D. Mont. Feb. 26, 2014) (citing *Schmidt* and holding that plaintiff did not have a "federal property interest" in marijuana or a state issued marijuana card because marijuana is contraband per se under federal law). Similarly, *Staffin* relied in part on *Schmidt* and explained:

> Procedural due process, as required by the United States Constitution, protects only

---

[3] *Schmidt* also noted that, under California law, individuals who possess marijuana in violation of the Compassionate Use Act have no legal interest in the marijuana. See Schmidt, 2011 U.S. Dist. LEXIS 78111 at *17-*18.

7

> those matters that may be construed as liberty or property interests. <u>Conejo Wellness Ctr., Inc. v. City of Agoura Hills</u>, 214 Cal. App. 4th 1534 (2013) . . . (noting the differences between procedural due process under the United States and California Constitutions). However, no person can have a legally protected interest in contraband per se. <u>Schmidt v. Cnty. of Nevada</u>, 2011 WL 2967786, at *5-6 (E.D. Cal. July 19, 2011) (citations omitted). Therefore, because marijuana is contraband per se under federal law, as mentioned above, no person can have a cognizable legal interest in it. <u>Id.</u>

<u>Staffin</u>, 2013 U.S. Dist. LEXIS 64625 at *13.

The Court agrees with *Marble*, *Staffin*, and *Schmidt*. Although California may provide Barrios with the right to possess medical marijuana, federal law does not. Because marijuana is contraband under federal law, Barrios had no property interest in the marijuana that was protected by the Fourteenth Amendment due process clause. <u>See</u> <u>Memphis Light</u>, 436 U.S. at 9; <u>Marble</u>, 2014 U.S. Dist. LEXIS 50770 at *22; <u>Staffin</u>, 2013 U.S. Dist. LEXIS 64625 at *13; <u>Schmidt</u>, 2011 U.S. Dist. LEXIS 78111 at *15-*17. Dismissal of Barrios's Fourteenth Amendment claims without leave to amend is appropriate.[4] <u>See id.</u>

### 2. Fourth Amendment

The warrant requirement of the Fourth Amendment applies to entries onto private land to search for and abate suspected or declared nuisances. <u>Michigan v. Tyler</u>, 436 U.S. 499, 504-07 (1978); <u>Schneider v. County of San Diego</u>, 28 F.3d 89, 91 (9th Cir. 1994); <u>Conner v. City of Santa Ana</u>, 897 F.2d 1487, 1490 (9th Cir. 1990). Such warrants must be based on a sufficient showing of probable cause, which "may vary with the object and intrusiveness of the search." <u>Tyler</u>, 436 U.S. at 506; <u>Camara v. Municipal Ct. of San Francisco</u>, 387 U.S. 523, 538 (1967). "For administrative searches conducted to enforce local building, health, or fire codes, 'probable cause' to issue a warrant to inspect . . . exists if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling." <u>Tyler</u>, 436 U.S. at 506 n.3; <u>Camara</u>, 387 U.S. at 538. The legislative or administrative standards will vary depending upon the particular program at issue, but they "may be based upon the passage of time, the nature of the building . . ., or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling." <u>Tyler</u>, 436 U.S. at 506 n.3; <u>Camara</u>, 387 U.S. at 538. This standard of probable cause is lower than that which

---

[4] The Court expresses no opinion as to the validity of any claims that Barrios may have under California law.

applies in criminal cases for criminal search warrants.  See Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 803 (9th Cir. 2001).

In this case, there is no dispute that the County entered the Exeter Property pursuant to a warrant issued by the Tulare County Superior Court.  The Complaint alleges that the warrant was void because it authorized the destruction of property without due process and it was not based on probable cause.  The parties have not provided a copy of the warrant, but they have provided a copy of the County's warrant application,[5] which includes the declaration of the investigating County Ordinance Compliance Officer, Michael Grove ("Grove").  See RJN Ex. 1.

The warrant application is for an inspection and abatement at the Exeter Property.  See id. The focus of the application is on stopping the cultivation of marijuana at the Exeter Property. See id.  The application argued that the Exeter Property was a public nuisance because it was violating two County Ordinances:  the Exeter Property was the site of a marijuana collective in an area that was not zoned for medical marijuana collectives, and marijuana was not being grown in a secure enclosed structure.  See id.  The application also indicated that in 2012, the owner of the Exeter Property, Juan Poblete, was cited for an illegal marijuana-grow at the Exeter Property.  See id.  Poblete abated the marijuana-grow in September 2012.  See id.  The County sought summary abatement of the marijuana-grow at the Exeter Property because of the immediate danger posed by the threat of drug related crime.  See id.

In support of the application, Grove declared that he went to the Exeter Property on March 19, 2013.  See id.  Grove made contact with a Hispanic male, who let him inside of an 8 ft. tall fence.  See id.  Inside the fence were rows of marijuana plants.  See id.  Grove took and attached pictures of the outdoor marijuana-grow, as well as pictures of the medical marijuana physician's recommendations of Barrios and his wife.  See id.  Grove also performed a zoning check for the Exeter Property.  The property was zoned as AE-20, which is not one of the zones in which a medical marijuana collective may be located.  See id.  Grove believed that the Exeter Property was in violation of the Zoning Code and Ordinance Code § 5-11-1000(d).  See id.  Grove also

---

[5] It appears to the Court that the warrant could have been submitted through the" incorporation by reference doctrine," without turning the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. See Dichter-Mad, 709 F.3d at 762; Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

9

determined that the Exeter Property was the site of a prior illegal marijuana-grow that had been abated in 2012. See id. Grove sent a 10-Day Notice to Juan Poblete on March 27, 2013. See id. On April 9, 2013, Poblete spoke to Grove. See id. Poblete stated that Barrios, who is Poblete's brother in law, and Barrios's wife live at the Exeter Property, and that Barrios would not let Poblete enter the Exeter Property in order to abate the Ordinance violations. See id. On April 11, 2013, Grove conducted a re-inspection of the Exeter Property. See id. Grove saw rows of marijuana plants being grown outdoors, and took pictures and attached them to the declaration. See id. Some of the attached pictures depict rows of marijuana plants being grown outdoors. See id. On April 16, 2013, Grove sent a Notice of Violation to Juan Poblete. See id.

The warrant application is highly damaging to key allegations in the Complaint. With respect to the allegation that the warrant was void because it authorized the destruction of marijuana without notice, Barrios cites no cases that support this position.[6] As discussed above, Marijuana is contraband per se under federal law. Barrios had no protected property interest in the marijuana for purposes of the Fourteenth Amendment and 42 U.S.C. § 1983. As such, the Court cannot conclude that the warrant was void simply because it authorized the destruction of contraband per se.

With respect to the allegation that the warrant was issued without probable cause, the Complaint does not explain why probable cause is absent. The Complaint does allege that Barrios was not operating a medical marijuana collective,[7] and alleges in a conclusory fashion that probable cause was absent. However, as described above, the warrant application provides significantly more information than the Complaint and undercuts Barrios's allegations. Probable cause for the inspection and abatement warrant at issue is not the same as the probable cause that would be necessary for obtaining a criminal search warrant. See Tyler, 436 U.S. at 506 n.3; Camara, 387 U.S. at 538; Columbia Basin, 268 F.3d at 803. The Grove declaration indicates that

---

[6] The Court notes that, in general, there is an absence of citation to authority throughout the opposition.

[7] The Court notes that, by definition, probable cause is not a belief certain. Palter v. City of Garden Grove, 237 Fed. Appx. 170, 172 (9th Cir. 2007). The fact that no violation may have actually occurred does not mean that there was not probable cause to believe that a violation was occurring. See Michigan v. DeFillipo, 443 U.S. 31, 36 (1979); Johnson v. Campbell, 332 F.3d 199, 211 (3d Cir. 2003); Garionis v. Newton, 827 F.2d 306, 309 (8th Cir. 1987).

at least two individuals with medical marijuana recommendations were at the Exeter Property, there were numerous marijuana plants being grown, the Exeter Property was the subject of a previous illegal grow that had been abated about six months beforehand, and the Exeter Property is zoned as AE-20, which is not a permitted zone for a medical marijuana collective.[8] This information implicates Ordinance Code § 3398.[9] Further, Grove's declaration and the attached photographs depict marijuana plants being grown outside in a structure that had no roof/was not completely enclosed. This appears to violate County Ordinance Code § 5-11-1000(d).[10] In other words, the Grove declaration reflects probable cause that the Exeter Property was a nuisance because there were two ongoing violations of the County Ordinance Code related to the cultivation of medical marijuana. Finally, the County appeared before the Tulare County Superior Court, supported their warrant application with a sworn declaration, and provided 24 hours of notice to Barrios' attorney before executing the warrant. At this point, it appears that the County followed the proper procedures for obtaining the warrant. See Cal. Code Civ. P. §§ 1822.50 et seq. (setting procedure and requirements for obtaining an inspection warrant); Flahive v. City of Dana Point, 72 Cal.App.4th 241 (1999) (discussing abatement warrants and the requirements of § 1822.50 et seq.); RJN Ex. 1. Without factual allegations that explain why probable cause was lacking, that is allegations that explain why the warrant application did not actually provide probable cause, the Complaint fails to plausibly allege that the County's inspection and abatement warrant was unsupported by probable cause. See Iqbal, 556 U.S. at 678; Starr, 652 F.3d at 1216.

Dismissal of the Fourth Amendment claim is appropriate. The content of the warrant

---

[8] The County Ordinance Code defines "medical marijuana collective" to mean: "an entity, facility or location, at a fixed immobile location, at which two (2) or more qualified patients, persons with an identification card, and the designated primary care givers of qualified patients and persons with an identification card, combined, associate within the unincorporated area of [the County] in order to jointly own and operate the business, facility or location and to collectively cultivate marijuana for medical purposes, as provided in Health & Safety Code § 11362.775 and the Attorney General Guidelines . . . ." See Complaint Ex. B (County Ordinance Code § 6-21-1010(b)).

[9] The County Ordinance Code permits marijuana collectives and cooperatives to be located in areas zoned as either C-2 (General Commercial), C-3 (Service Commercial), M-1 (Light Manufacturing), or M-2 (Heavy Manufacturing ). See RJN Ex. 2 (County Ordinance Code § 3398).

[10] County Ordinance Code § 5-11-1000(d) reads in pertinent part: "The cultivation, growing or distribution of medical marijuana within the County shall at all times occur within a secure, locked, and fully enclosed structure, including a ceiling, roof or top, and shall meet the following requirements: [listing 15 conditions]." See Complaint Ex. A..

11

application suggests that permitting amendment is likely futile.  Nevertheless, out of an abundance of caution, the Court will grant Barrios leave to amend his Fourth Amendment claim.

**2.     RULE 11 MOTION**

The County moves for the imposition of Rule 11 sanctions against Barrios's counsel, Andrew Romaine.  The County argues that Romaine has filed two unsuccessful medical marijuana lawsuits against it, including one in which Judge O'Neill of this District dismissed the complaint because the allegations were conclusory, just as in this case.[11]  The County also argues that there are misstatements of fact in the Complaint that Romaine knows to be false.  Romaine argues that the previous cases are different from this case, that the Complaint contains sufficient facts to plausibly allege causes of action, the case involving Judge O'Neill is currently under review by the Ninth Circuit, and there are no false statements of fact in the Complaint.

Rule 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or motions they file and (2) the pleading or motion is grounded in fact, has a colorable basis in law, and is not filed for an improper purpose.  See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994).  A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith."  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).

After considering the arguments of the parties, the Court does not find that Rule 11 sanctions are appropriate.  Romaine's opposition clarifies allegations in the Complaint.  The clarifications are such that the Court will not hold that Romaine is making false representations of fact. As to previous lawsuits, the issues raised in this case are not necessarily identical to the issues raised in the other cases.  Relatedly, although Judge O'Neill's decision is relevant, the fact remains that that decision is currently under review and subject to reversal.  Therefore, the Court cannot say that Mr. Romaine is acting in bad faith.  The County's motion for Rule 11 sanctions will be denied.

---

[11] The federal case is *Rocha v. County of Tulare*, 2013 U.S. Dist. LEXIS 153676 (E.D. Cal. Oct. 24, 2013).  The state case is *County of Tulare v. Nunes*, 215 Cal.App.4th 1188 (2013).

**CONCLUSION**

Dismissal of Barrios's Fourteenth Amendment due process claim is appropriate because marijuana is contraband per se under federal law and thus, Barrios has no protected property interest in the marijuana. Dismissal of the Fourth Amendment cause of action is appropriate for two reasons. First, because Barrios has no federally protected liberty interest in the marijuana, the warrant does not appear defective for permitting abatement or destruction of the marijuana. Second, the Complaint does not plausibly allege a lack of probable cause to support the warrant. Out of an abundance of caution, dismissal of the Fourth Amendment claim will be with leave to amend. As for Rule 11 sanctions, the Court does not find that the conduct of Plaintiff's counsel rises to a sanctionable level.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for Rule 11 sanctions (Doc. No. 16) is DENIED;
2. Defendant's motion to dismiss (Doc. No. 13) is GRANTED, and Plaintiff's Fourteenth Amendment Due Process claim is DISMISSED without leave to amend, and Plaintiff's Fourth Amendment claim is DISMISSED with leave to amend;
3. Plaintiff may file an amended complaint, that is consistent with this order, within fourteen (14) days of service of this order; and
4. If Plaintiff fails to file a timely amended complaint, leave to amend will be withdrawn and this case will be closed without further notice. Cf. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

IT IS SO ORDERED.

Dated:   May 22, 2014                                              
                                                                            SENIOR  DISTRICT  JUDGE